UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

                                      MEMORANDUM AND ORDER
   -against-                             05 CR 401 (ILG)

JOSIAH McTIER,

               Defendant.
------------------------------------------------x
GLASSER, United States District Judge:

      By letter dated August 17, 2006, the defendant requested the Court to issue an order directing the Warden of the Metropolitan Detention Center ("MDC") "to remove the 'separation orders' that have been placed on Mr. McTier as well as his codefendants housed at the MDC because there is no legal justification for these orders and the effect of these separation orders has been to interfere substantially with and/or to deprive Mr. McTier of essentially all the privileges that would otherwise be permitted him were it not for the separation orders." Also submitted was an affidavit by the defendant stating that as a result of the separation orders, his family visits were delayed and cut short, he has been unable to visit the MDC law library and other areas within that facility.

      In a letter dated September 1, 2006, by way of response, the government stated that the defendants "remain separated for the purpose of insuring inmate safety, including their own, as well as the safety of MDC, U.S. Marshals, court personnel and potential witnesses. The government will further elaborate upon the necessity of the separation request in an ex parte submission under seal. The separations are not meant to deny the defendants the ability to engage in joint defense meetings with counsel should they so desire." Further elaboration, ex parte and under seal, followed by letter

dated September 7, 2006.

## Discussion

### The Submission *Ex Parte* and Under Seal

"As a general rule of thumb, in all but the most exceptional circumstances, ex parte communications with the court are an extraordinarily bad idea . . . . [G]iving the government private access to the ear of the court is not only 'a gross breach of the appearance of justice' but also a 'dangerous procedure.'"  United States v. Carmichael, 232 F.3d 510, 517 (6th Cir. 2000), cert. denied, 532 U.S. 974 (2001).  That is not to say that ex parte communications are never appropriate.  Ex parte communications are properly used if the government's assertion of a need for non-disclosure will not deprive a defendant of a constitutional right.  In re Taylor, 567 F.2d 1183, 1188 (2d Cir. 1977).  For example, ex parte communications have been recognized as necessary where the safety of witnesses is concerned and in the area of national security, ex parte communications between the Court and the prosecutor have been recognized as well.  See, e.g., United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Pringle, 751 F.2d 419 (1st Cir. 1984).  The ex parte communication submitted here in response to the defendant's request, does not, in any respect, touch upon the merits of this case nor does it, in any respect, touch upon any constitutional right.

Better practice would dictate that the United States Attorney request permission to file documents ex parte and under seal with an explanation of the reasons and the authority for doing so.  See Campbell v. United States, 1994 WL 361606, at *2 (S.D.N.Y. July 5, 1994).

Given the nature of the defendant's request, pertaining as it does to the condition

of confinement, an ex parte submission was superfluous.  In a Memorandum and Order dated July 20, 2006, addressing grievances concerning conditions of confinement by co-defendants James McTier and Sharief Russell, familiarity with which is assumed, I reviewed the relevant federal regulations and relevant cases in support of the determination that administrative remedies must be exhausted as a pre-requisite for invoking the jurisdiction of the Court.  In addition, attention was called to the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a), which provides that "No action shall be brought with respect to prison conditions under. . .any. . .Federal law, by a prisoner. . . until such administrative remedies as are available are exhausted," citing Porter v. Nussle, 534 U.S. 516 (2002) and Booth v. Churner, 532 U.S. 731 (2001).  That determination, for the reasons there stated, is precisely applicable here and treating his letter request as a motion, it is hereby denied.

SO ORDERED.

Dated: Brooklyn, New York
September 20, 2006

S/
I. Leo Glasser